IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 4:22-cr-058 |
| | ) | |
| v. | ) | GOVERNMENT'S |
| | ) | SENTENCING |
| ELIZABETH ANDRADE, | ) | MEMORANDUM |
| | ) | |
| Defendant. | ) | |

**Table of Contents**

INTRODUCTION ................................................................................................................. 1

PROCEDURAL BACKGROUND ...................................................................................... 2

REMAINING UNRESOLVED OBJECTION .................................................................. 3

SENTENCING CALCULATION ...................................................................................... 5
    A. Maximum and Mandatory Minimum Sentence .......................................... 5
    B. Sentencing Guidelines Calculations ............................................................ 5

THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 262 MONTHS' ................. 6

CONCLUSION ..................................................................................................................... 8

## INTRODUCTION

Defendant Elizabeth Andrade has been involved in drug trafficking almost her entire life. As part of the present offense, she acted as a middleman between distributors and customers for methamphetamine transactions in Des Moines. She introduced several individuals, including her co-defendant, Adam Browning, to sources of supply in Des Moines and in Mexico.

The following objections to the Presentence Investigation Report (PSR) remain unresolved and affect the guidelines range:

- The total amount of methamphetamine attributed to Andrade, s*ee* R. Doc. 126, PSR; R. Doc. 125, Def.'s Objs. to PSR (objecting to paragraphs 12, 14, 15, 17, 18, 25, 34);

- Whether Andrade qualifies for an aggravating role, pursuant to USSG § 3B1.1, *see* PSR; R. Doc. 125, Def.'s Objs. to PSR (objecting to paragraph 19, 28); R. Doc. 119, Gov's Objs. to PSR (objecting to paragraph 28); and

- Whether Andrade is safety valve eligible, *see* PSR ¶ 23; R. Doc. 125, Def.'s Objs. to PSR (objecting to paragraph 23).

The government anticipates presenting one witness at sentencing, and anticipates presenting the following evidence at sentencing:

- Government's Exhibit 1, Statements of Cooperating Defendant (Filed Under Seal)

- Government's Exhibit 2, Statements of Cooperating Defendant (Filed Under Seal)

- Government's Exhibit 3, Statements of Cooperating Defendant (Filed Under Seal)

- Government's Exhibit 4, Statements of Cooperating Defendant (Filed Under Seal)

- Government's Exhibit 5, Statements of Cooperating Defendant (Filed Under Seal)

The government recommends a sentence of 262 months'—the low end of the guidelines.

**PROCEDURAL BACKGROUND**

On May 17, 2022, a seven-count Indictment was returned against Elizabeth Andrade and her co-defendant, Adam Michael Browning. R. Doc. 4, Redacted Indictment. Andrade was charged in that Indictment with conspiracy to distribute

fifty grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count 1). *Id*.

On December 21, 2022, Andrade entered a plea of guilty to Count One of the Indictment. R. Doc. 101, Plea Agreement (hereinafter "Plea Agreement"). There are no counts to be dismissed at sentencing. *Id*. ¶ 2. Pursuant to the Plea Agreement, the parties stipulated as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §§ 3B1.1 and 3B1.2. *Id*. at ¶ 11(c). Also pursuant to the Plea Agreement, the government will recommend a reduction for acceptance of responsibility under USSG § 3E1.1. *Id*. ¶ 13.

## REMAINING UNRESOLVED OBJECTIONS

### A.   Drug Quantity

Andrade objects to the quantity of methamphetamine attributed to her, asserting that she did not introduce her codefendant, Adam Browning, to anyone other than Jose Medina Cervantes, a.k.a. "Chuy." R. Doc. 125, Def.'s Objs. to PSR (objecting to paragraphs 12, 14, 15, 17, 18, 25, 34). In particular, Andrade contends that Medina Cervantes as the one who introduced Browning to Mario Alberto Hernandez Vasquez, a.k.a. "Primo," and to Jose Gurule, a.k.a. "Maluco." *Id*. But the discovery in this case supports that Andrade, not Medina Cervantes, introduced Browning to Mario Alberto Hernandez Vasquez, a.k.a. "Primo;" German Javier Sandoval Varelas; and Jose Gurule, a.k.a. "Maluco" for the purpose of methamphetamine transactions. *See* GX 1 at 2; GX 2 at 2; GX 3 at 1, 2; GX 5 at 2. Andrade also introduced Browning to Medina Cervantes for methamphetamine transactions. GX 1 at 2; GX 4 at 10-14. While Medina Cervantes was also sourced

3

methamphetamine from Mario Alberto Hernandez Vasquez, a.k.a. "Primo;" German Javier Sandoval Varelas; and Jose Gurule, a.k.a. "Maluco," it was Andrade who acted as the middleman and introduced Browning to all of them. *See* GX 1 at 2; GX 2 at 2; GX 3 at 1, 2; GX 5 at 2. The discovery is consistent on this point. *Id*. The PSR correctly calculates the drug quantity attributable to Andrade as 9,979.2 grams of ice methamphetamine.

    **B.**    **Role Assessment**

The PSR proposes a two-level role enhancement under USSG § 3B1.1(c). Both the government and Andrade object to this enhancement. Pursuant to the Plea Agreement, the parties stipulated as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §§ 3B1.1 and 3B1.2. R. Doc. 101 at ¶ 11(c). In addition, the government contends that Andrade does not qualify for the role adjustment. While Andrade recruited distributors and customers for the drug trafficking organization, the discovery in this case does not support a finding that Andrade was an organizer, leader, manager, or supervisor of any of the participants of the conspiracy. *See* USSG § 3B1.1, Application Notes. Andrade did not exercise management responsibility over the property, assets, or activities of the organization. *compare United States v. Adipietro*, 983 F.2d 1468, 1473 (8th Cir. 1993) (applying of role adjustment where defendant not only recruited members, but also directed and managed their activities). The Court should decline to apply the adjustment.

    **C.**    **Safety Valve Eligibility**

Should the Court find that Andrade is not subject to the role adjustment as discussed above, then she is safety valve eligible pursuant to 18 U.S.C. § 3553(f)(4) and USSG § 5C1.2(a)(1), (a)(4). Andrade does not have more than four criminal history points. *See* 18 U.S.C. § 3553(f)(4). While Andrade is only statutorily eligible for the safety-valve reduction, the Court should vary downward. *Compare* 18 U.S.C. § 3553(f)(3) (enacted December 21, 2018), *with* USSG §5C1.2(a)(1) (amended November 1, 2018).

## SENTENCING CALCULATION

### A.   Maximum and Mandatory Minimum Sentence

Based on Andrade's plea of guilty to Count One of the Indictment, Andrade is subject to a mandatory minimum sentence of at least ten years in prison; a maximum fine of $10,000,000; and a term of supervised release of at least five years and up to life.

### B.   Sentencing Guidelines Calculation

The PSR calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1(a)(5)): | 38 |
| Specific Offense Characteristics (§ 2D1.1(b)(5)) | +2 |
| Role Adjustment (§ 3B1.1(c)) | +2 |
| Acceptance of Responsibility (§3E1.1): - | - 3 |
| Total offense level | 39 |

Criminal History category:             III (4 points)

Guidelines range:                      324-405 months' imprisonment

Based on the government's objection to the application of the role adjustment, as discussed above, the government calculates the advisory guidelines range in this case as follows:

| | |
|---|---|
| Base offense level (§2D1.1(a)(5)): | 38 |
| Specific Offense Characteristics (§ 2D1.1(b)(5)) | +2 |
| Acceptance of Responsibility (§3E1.1): - | - 3 |
| Total offense level | 37 |
| | |
| Criminal History category: | III (4 points) |
| | |
| Guidelines range: | 262-327 months' imprisonment |

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 262 MONTHS'**

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). For the reasons that follow, the § 3553(a) factors support a sentence of 262 months' imprisonment.

As part of the instant offense, Andrade was a middleman to a Mexico-based drug trafficking organization. She connected distributors and customers in Des Moines to methamphetamine sources of supply. PSR ¶ 12. In particular, Andrade introduced her co-defendant Adam Browning to methamphetamine sources of supply, Mario Alberto Hernandez Vasquez, a.k.a. "Primo;" German Javier Sandoval Varelas; and Jose Gurule, a.k.a. "Maluco." *Id*. Andrade also introduced Browning to Jose Medina Cervantes and organized at least two methamphetamine transactions in her apartment. *Id*. at 16. Andrade then wired drug proceeds from the sales back to Mexico to her sources of supply. *Id*. at 13. In exchange for facilitating these transactions, Andrade received payment in either methamphetamine or cash. *Id*. at 16.

Although most of Andrade's criminal history is relatively minor—theft, driving while barred, possession of drug paraphernalia and controlled substances—her criminal behavior is a cause for concern here. Andrade has engaged in criminal activity since she was 13 years old. PSR ¶¶ 37-47, 58. For her criminal convictions, Andrade has never served more than nine days of a term of imprisonment. *See* PSR ¶¶ 37-47. The need for specific deterrence in this case is strong. Indeed, even while on pre-trial supervision for the present offense, Andrade failed to comply with her conditions of release, including by using methamphetamine. *Id*. at 7.

There are some mitigating factors in this case, however. Andrade clearly struggles with a serious substance abuse problem. Indeed, she has been using controlled substances since she was just 11 years old. PSR ¶¶ 90-94. Most of her children tested positive for methamphetamine when they were born. *Id*. at ¶¶ 69-76.

7

Andrade admits that her drug use has been the cause of most of her problems in life and that drug use has "destroyed her life." *Id.* ¶ 95. Andrade also suffered from sexual abuse as a child, and has been the victim of domestic violence in most of her relationships. *Id.* at ¶¶ 69-76. Andrade would no doubt benefit from substance abuse treatment and mental health treatment while incarcerated.

After considering the advisory guidelines range and the factors under 18 U.S.C. § 3553(a), the government requests a sentence at the low end of the guidelines range followed by a five-year term of supervised release.

## CONCLUSION

The Court should impose a sentence of 262 months' imprisonment, followed by a five-year term of supervised release.

                      Respectfully submitted,

                      Richard D. Westphal
                      United States Attorney

      By:    */s/ Alexa K. Perez*
             Alexa K. Perez
             Special Assistant United States Attorney
             United States Courthouse Annex
             110 East Court Avenue, Suite 286
             Des Moines, Iowa 50309-2053
             Tel: (515) 473-9300
             Fax: (515) 473-9292
             Email: alexa.perez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail   \_\_\_\_ Fax   \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing   \_\_ Other means (email)

UNITED STATES ATTORNEY

By:   */s/Alyssa Powell, Paralegal Specialist*